IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA MORALEZ, surviving spouse and legal representative of the Estate of JOSE L. MORALEZ, and legal representative of her minor children, KAELYN MORALEZ, and DUSTIN MORALEZ,<br><br>    Plaintiffs,<br>  v.<br><br>CITY OF FRESNO; CHIEF JERRY DYER; CAPTAIN AL MARONEY; LT. ART ALVARADO; LT. BURT FARRAH; SGT. RICHARD MENDOZA; DOES 1 through 20, inclusive,<br><br>    Defendants. | CV F 06-0224 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Documents #8 & #9) |

Plaintiffs Yolanda Moralez, surviving spouse and legal representative of the Estate of Jose L. Moralez, and legal representative of her minor children Kaelyn Moralez and Dustin Moralez ("Plaintiffs") sue Defendants pursuant to 42 U.S.C. § 1983 and state law for violations of decedent Jose L. Maralez's civil rights protected under the United States Constitution, the California Constitution, and California law.  The court has federal question jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.  Pending before the court is Defendant City of Fresno's  motion to dismiss.

**PROCEDURAL HISTORY**

On February 27, 2006, Plaintiffs filed a complaint. The first cause of action is brought under 42 U.S.C. § 1983 and alleges violations of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution. The second cause of action is brought under California Civil Code § 52.1 and alleges violations of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 7 to the California Constitution, and California law. The third cause of action is brought under 28 U.S.C. § 2201 and requests a declaration finding that Defendants violated Plaintiffs' rights under the Fifth and Fourteenth Amendments. The complaint requests damages for economic losses, damages for mental and emotional distress, a permanent injunction prohibiting further interferences in Plaintiffs' occupations and with Plaintiffs' reputation, a declaration establishing Defendants violated Plaintiffs' constitutional rights, punitive damages, attorney's fees and costs, and any other relief the court deems just.

On March 24, 2006, Defendant City of Fresno ("Defendant")[1] filed a motion to dismiss the complaint, a motion for a more definite statement, and a motion to strike portions of the complaint. Defendant contends that Yolanda Moralez acting *in pro se* cannot represent the Estate of Jose L. Moralez or her minor children. Defendant contends Plaintiffs cannot maintain a cause of action for a violation of California Civil Code § 52.1. Defendant contends that as a matter of law Plaintiffs cannot receive declaratory relief to remedy past wrongs. Defendant contends Plaintiffs' 42 U.S.C.§ 1983 cause of action fails because Lieutenant Moralez's suicide did not violate the constitution and Plaintiff cannot maintain a claim against Defendant City of Fresno under a theory of municipal liability.

Plaintiffs did not respond to Defendant's motion to dismiss or otherwise contact the court.

//

---

[1] No other Defendant has made an appearance in this action.

**FACTUAL ALLEGATIONS**

The complaint alleges that Plaintiff Yolanda Moralez is the surviving spouse and legal representative of Plaintiff the Estate of Jose L. Moralez, and legal representative of her minor children, Plaintiff Kaelyn Moralez and Plaintiff Dustin Moralez.

The complaint alleges that Defendants Chief Jerry Dyer, Captain Al Maroney, Lieutenant Art Alvarado, Lieutenant Burt Farrah, and Sergeant Richard Mendoza were at all relevant times employed by the Fresno Police Department. The complaint alleges that these Defendants were directly involved in the incidents described in the complaint. The complaint alleges Defendant City of Fresno's liability is based on its unconstitutional customs and polices, which will be specified at a later point. The complaint alleges Defendant City of Fresno is vicariously liable for the acts of its employees and agents.

The complaint alleges that on or about November 29, 2004, Lieutenant Jose Moralez, a longtime employee of the Fresno Police Department, despondent over his ongoing employment situation, allegedly took his own life. The complaint alleges that Defendant City of Fresno and the individual Defendants contributed to the death of Lieutenant Moralez by failing to follow statutory labor authority, City and Fresno Police Department personnel polices, and general principles of fairness and equity in disciplining and terminating Lieutenant Moralez. The complaint alleges that Defendants' contribution to Lieutenant Moralez's death was in anticipatory retaliation for his expressed intention to disclose sensitive information and such retaliation took the form of intentional noncompliance with the law and procedure and overt misconduct directly related to Lieutenant Moralez's death.

The complaint alleges that Defendants' intentional or reckless acts violated Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution, state law, and the California Constitution. The complaint alleges that, specifically, Defendants violated Plaintiffs' rights to procedural and substantive due process to not have life, liberty, or property destroyed by intentional, malicious governmental misconduct. The complaint alleges that as a

direct and proximate result of Defendants' actions, Plaintiffs have suffered economic losses, emotional distress, humiliation and embarrassment, and damages to their reputations. The complaint alleges Defendants' conduct was intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Plaintiffs' rights. Plaintiffs also seek a declaration that Defendants violated their rights under the Fifth and Fourteenth Amendments.

**RULE 12(b)(6) LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9TH Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9$^{th}$Cir.1984).

Essentially, a motion to dismiss pursuant to Rule 12(b)(6) tests the plaintiff's compliance with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294-96. The burden imposed by Rule 8(a)(2) is a minimal one. Rule 8(a)(2) requires parties seeking relief in federal court by way of complaint, counterclaim, cross-claim, or third party complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.Pro. 8(a)(2). The court may dismiss a complaint pursuant to Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 & 514 (2002). Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 514

It is the burden of the party bringing a motion to dismiss to demonstrate that the requirements of Rule 8(a)(2) have not been met. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d

1406, 1409 (3d Cir.1991). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

## DISCUSSION

**A.  Yolanda Moralez's Representation Of The Estate And The Minor Children**

Defendant contends that this action must be dismissed because Yolanda Moralez cannot bring an action *in pro se* on behalf of the Estate of Jose L. Moralez or her minor children, Kaelyn Moralez and Dustin Moralez.

Litigants in federal court have a statutory right to choose to act as their own counsel. 28 U.S.C. § 1654. Although a non-attorney may appear *in propria persona* in her own behalf, that privilege is personal to her. <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir.1966). "A litigant appearing *in propria persona* has no authority to represent anyone other than [herself]." <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir.1962). Non-attorney litigants may not represent others. <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997); <u>Church of the New Testament v. U.S.</u>, 783 F.2d 771, 774 (9th Cir. 1986).

In this action, Yolanda Moralez seeks to represent her minor children *in pro se*. A parent or guardian ad litem cannot bring an action on behalf of a minor child without retaining a lawyer. <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir.1997). As such, the claims brought by Yolanda Moralez on behalf of Kaelyn Moralez and Dustin Moralez must be dismissed without prejudice to the minors filing a new complaint represented by an attorney.

Defendant also contends that Yolanda Moralez cannot represent the Estate of Jose L. Moralez. It is not completely clear whether a non-attorney litigant can represent an estate. No Supreme Court or Ninth Circuit case has directly addressed this issue. In <u>Iannaccone v. Law</u>, 142 F.3d 553 (2d Cir.1998), the Second Circuit considered whether a *pro se* plaintiff, who was the

5

administrator of his father's estate, could bring an action on behalf of the estate. The Second Circuit held that the plaintiff could not bring an action litigating an interest specific to the estate when "the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings." Id. at 559. On the other hand, the Second Circuit also held that a plaintiff could bring an action to recover social security benefits on behalf of the estate because the plaintiff was the only claimant. Id. at 560. The Second Circuit reasoned that it was the plaintiff's own interest that was being litigated. Id. While not directly addressing whether a *pro se* plaintiff can litigate on behalf of an estate, several cases in the Ninth Circuit have proceeded with a pro se plaintiff who was acting as the representative of an estate. See, e.g., Keller v. City of Portland, 1999 WL 1209511, (D.Or. 1999).

It is unnecessary to resolve at this time whether Yolanda Moralez can represent the Estate of Jose L. Moralez *pro se* because the complaint is subject to dismissal for other reasons as discussed below. However, in any amended complaint, Yolanda Moralez should allege whether her own interests are sufficiently aligned with those of the Estate of Jose L. Moralez such that she is really litigating her own interests.

**B.  Section 1983 Cause Of Action**

*1.  Due Process*

In the complaint, Plaintiffs allege that Defendants intentional or reckless acts violated Plaintiffs' rights under the Fifth and Fourteenth Amendments to not have life, liberty, or property destroyed by intentional, malicious governmental misconduct. Defendant contends Plaintiffs' Section 1983 cause of action is subject to dismissal because Defendants' alleged actions only constitute negligence and a failure to act, and allegations of negligence or a failure to act without a specific duty to Plaintiffs is insufficient.

In general, constitutional rights are personal in nature and cannot be asserted by another person. L.A. Police Dep't v. United Reporting Publ'g Corp., 528 U.S. 32, 39 (1999); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997). However, a plaintiff may individually

assert a Fourteenth Amendment claim based on the deprivation of his or her own liberty interest arising out of his or her familial relationship. See Guess v. Byrd, 137 F.3d 1126, 1134 (9th Cir.1998). Thus, Plaintiffs can sue under Section 1983 for a violation of their own Fourteenth Amendment rights steaming from the loss of their familial relationship with their husband and father. The standard for such a violation is based on substantive due process. See Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365, 371 (9th Cir.1998).

To succeed on a Fourteenth Amendment claim based on companionship and society of a relative, the plaintiff must show that the government acted with "deliberate indifference" to the plaintiff's rights of familial relationship and society. Byrd v. Guess, 137 F.3d 1126, 1134 (9th Cir. 1998). The deliberate indifference standard governs such claims because the Due Process Clause does not entitle a plaintiff to recover based on merely negligent conduct of a state official. Collins v. City of Harker Heights, 503 U.S. 115, 127 n. 10 (1992). Deliberate indifference requires an officer to know of and disregard an excessive risk. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The deliberate indifference standard allows relief for "conduct that involves a 'conscious disregard' of public safety." Fargo v. San Juan Bautista, 857 F.2d 638, 642 (9th Cir.1988).

Intent to cause harm, rather than deliberate indifference, must be shown to prove a Fourteenth Amendment violation if the officer's decision was made in haste, under pressure, and without the luxury of a second chance. Lewis, 523 U.S. at 853; Moreland, 159 F.3d at 372. The critical consideration is whether the circumstances are such that actual deliberation is practical." Moreland, 159 F.3d at 372. Under this standard, if an officer's instinct is to do his or her job as a law enforcement officer and not to terrorize, cause harm, or kill, there is no substantive due process violation even if prudence should have repressed the officer's reaction. Lewis, 523 U.S. at 855.

Because the complaint does not contain any allegations that Defendants' conduct was done in haste, under pressure, and without the luxury of a second chance, it appears the deliberate

indifference standard applies to Plaintiffs' Section 1983 due process claim.  Under this standard, the complaint's allegations are insufficient.  The complaint fails to allege how Defendants knew of and disregarded an excessive risk to Plaintiffs.  The complaint does not explain how Defendants' conduct involved a conscious disregard of public safety.  The complaint's allegations simply do not show how Defendants were deliberately indifferent.  The court recognizes that Rule 8(a) of the Federal Rules of Civil Procedure only requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2). However, the purpose of the complaint is to provide the opposing party with fair notice of the claim against it.  Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986).  Here the complaint fails to give Defendants notice of how they were deliberately indifferent to Plaintiffs' due process rights. In deciding a Rule 12(b)(6) motion, the court is not to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).  The complaint's allegation that Defendants' noncompliance with law and procedure and overt misconduct contributed to Lieutenant Moralez's death is simply insufficient to allege deliberate indifference to Plaintiffs' due process rights.   Thus, Plaintiffs' Section 1983 claim is subject to dismissal.

### 2. *Negligence*

Plaintiffs are advised that a Section 1983 claim is not available for allegations that Defendants were merely negligent to their due process rights.  In Daniels v. Williams, 474 U.S. 327, 330-32 (1986), and Davidson v. Cannon, 474 U.S. 344, 347 (1986), the Supreme Court held that mere negligence or lack of due care by state officials does not trigger the protections of the Fourteenth Amendment and therefore does not state a claim under Section 1983.  In doing so, the Supreme Court overruled prior case law which had held that a negligent loss of property by state officials could be a "deprivation" under the due process clause.  Daniels, 474 U.S. at 330-31.  In City of Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court held that

non-intentional government conduct can violate the Due Process Clause and thus lead to Section 1983 liability. The Supreme Court found that a municipality may be liable when its actions amount to "deliberate indifference to rights of persons with whom police come into contact." Id. at 388. Thus, in any amended complaint, Plaintiffs must allege that Defendants' conduct was more than negligent, and show how it rose to the level of deliberate indifference.

### 3. *Municipality Liability*

Defendant contends that even assuming the complaint states a claim against the other named Defendants, the allegations against Defendant City of Fresno are insufficient to establish municipality liability. The complaint alleges that Defendant City of Fresno is liable for the acts of its agents and employees.

Local governments can be "persons" subject to liability under 42 U.S.C. § 1983. Monnell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). However, a local government unit may not be held responsible for the acts of its employees under a respondent superior theory of liability. Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). Rather, to state a claim for municipal liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. See City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). A Section 1983 plaintiff may establish local government liability based on an official policy or custom by: (1) alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity; (2) establishing that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made among various alternatives; or (3) proving that an official with final policy-making authority either delegated policy-making authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it. Monnell, 691; Gillette v. Delmore, 979

F.2d 1342, 1346-47 (9th Cir. 1992).

Here, the complaint does not allege that Defendants' unconstitutional actions were the result of an official policy or custom of Defendant City of Fresno. In fact, the complaint alleges that the individual named Defendants violated policies. Thus, the complaint fails to sufficiently allege municipal liability, and it is subject to dismissal.

**C. Declaratory Relief**

Defendant contends that Plaintiffs cannot maintain a cause of action for declaratory relief. Defendant argues that declaratory relief is not meant to address past wrongs. Title 28 U.S.C. § 2201 provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "Declaratory relief is an equitable remedy. Its distinctive characteristic is that it allows adjudication of the parties' rights and obligations on a matter in dispute regardless of whether claims for damages or injunctive relief have yet arisen." Rutter, CAL. PRACTICE GUIDE: FED.CIV.PRO. BEFORE TRIAL, 10.3. "In effect, it brings to the present a litigable controversy which otherwise might only be tried in the future." Societe de Conditionnement v. Hunter Eng. Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981). To determine if there is a case or controversy allowing for a declaratory judgment action, the court must determine whether the facts alleged show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

The court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942); Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1166 (1998). Rule 57 of the Federal Rules of Civil Procedure provides that "[t]he existence of another

10

adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." However, despite Rule 57, other adequate remedies may make declaratory relief inappropriate. Beacon Const. Co. v. Matco Elec. Co., Inc., 521 F.2d 392, 397 (2nd Cir. 1975). For example, the court has discretion to dismiss a suit for declaratory relief that simply seeks to establish a party's right to damages for breach of contract. In this example, the determination of the breach of contract claim would resolve any question regarding interpretation of the contract, and there is thus no need for declaratory relief. Rutter, CAL. PRACTICE GUIDE: FED.CIV.PRO. BEFORE TRIAL, 10.13.5.

In this action, Plaintiffs seek damages under 42 U.S.C. § 1983 for violations of their constitutional rights under the Fifth and Fourteenth Amendments. Plaintiffs also seek a declaration that Defendants violated their rights under the Fifth and Fourteenth Amendments. The determination of Plaintiffs' Section 1983 cause of action would necessarily include a finding on whether Defendants violated Plaintiffs' constitution rights. Plaintiffs do not need a declaratory judgment also making this finding. Plaintiffs' request for a declaration is duplicative of Plaintiffs' Section 1983 cause of action. As such, declaratory relief is not appropriate.

**D. Section 52.1 Cause of Action**

Defendant contends that Plaintiffs' claim pursuant to California Civil Code § 52.1 should be dismissed. Defendant argues that Plaintiffs have no standing to maintain a claim under Section 52.1, and assuming a cause of action under Section 52.1 is available, the allegations in the complaint are insufficient.

California Civil Code § 52.1 authorizes a cause of action against any person who, "whether or not acting under color of law, interferes . . . or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(a).

11

### 1.   Liability Under Section 52.1 For Wrongful Death

Defendant correctly contends that Plaintiffs cannot maintain a cause of action under Section 52.1 that is based on Lieutenant Moralez's death.   There is no derivative liability under Section 52.1 in the context of wrongful death cases. See City of Simi Valley v. Superior Court, 111 Cal.App. 4th 1077, 1085 (2003) ("This statute permits an individual to sue for damages where his or her constitutional rights are violated" and does not permit a wrongful death claim"); Bay Area Rapid Transit Dist. v. Superior Court ("BART" ), 38 Cal.App. 4th 141, 144 (1995) ("The Bane Act is simply not a wrongful death provision"); Gaston v. Colio, 883 F.Supp. 508, 510 (S.D.Cal.1995) (plaintiffs could not bring a Bane Act claim because they "were not the one whose rights were allegedly violated").   Section 52.1 only allows a person to bring an action in his or her own name and on his or her own behalf. Cal. Civ. Code § 52.1(a).   By Section 52.1's express terms, an action under Section 52.1 may be maintained only by the actual victim of a hate crime; there is no liability under a theory of wrongful death. BART,  38 Cal.App.4th at 144. Thus, Plaintiffs' allegations pursuant to Section 52.1, which  are premised on Lieutenant Moralez's death, must be dismissed.

### 2.   Elements Of A Section 52.1 Cause of Action

Defendant also contends that the complaint fails to allege sufficient facts to support a cause of action under Section 52.1.   Section 52.1 "authorizes an action at law, a suit in equity, or both, against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998).   Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones, 17 Cal.4th at 334; Venegas v. County of Los Angeles, 32 Cal.4th 820, 843 (2004); Cabesuela v. Browning-Ferris Industries of California, Inc., 68 Cal.App.4th 101, 110-111 (1998).

The complaint contains no allegations of specific threats, intimidation, coercion or discrimination within the meaning of Section 52.1.   The complaint does not allege any conduct

that rises to the level of a threat of violence or coercion. In addition, the complaint does not allege what right secured by federal or state law Defendants interfered with. Accordingly, Plaintiffs' Section 52.1 cause of action is subject to dismissal.

### E. Punitive Damages

In the complaint's prayer for relief, Plaintiffs request punitive damages. Defendant City of Fresno requests that the court strike any request for punitive damages against Defendant City of Fresno.

Punitive damages are appropriate in an action brought under 42 U.S.C. § 1983 "'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Kennedy v. Los Angeles Police Dept., 901 F.2d 702, 707 (9th Cir.1989) (quoting Smith v. Wade, 461 U.S. 30, 56 (1971)). The Supreme Court has held that punitive damages are not available against a municipal corporation for a violation of 42 U.S.C. § 1983 because municipalities enjoy traditional common law immunity from punitive damages, and such damages would work a hardship on innocent taxpayers. Newport v. Facts Concerts, 453 U.S. 247, 258, 267, 271 (1981); Mitchell v. Dupnik, 75 F.3d 517, 526 (9th Cir.1996); Woods v. Graphic Communications, 925 F.2d 1195, 1205 (9th Cir. 1991). In addition, California Government Code § 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code [which allows for punitive damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant." Thus, in any amended complaint, Plaintiffs should not request punitive damages against Defendant City of Fresno.

### F. Emotional Distress Damages

In the complaint's prayer for relief, Plaintiffs request damages for emotional distress. Defendant contends that Plaintiffs cannot obtain emotional distress damages. Defendant argues that Plaintiffs' claim for intentional infliction of emotional distress is preempted by the

13

California's Workers' Compensation Act.

California Labor Code section 3600(a) provides, in pertinent part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment. . . ." Where the conditions for compensation under Section 3600 are met, Section 3602(a) provides that "the right to recover such compensation is . . . the sole and exclusive remedy of the employee . . .against the employer." These exclusive remedy provisions bar an employee's claims for intentional infliction of emotional distress "when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances." Cole v. Fair Oaks Fire Protection Dist., 43 Cal.3d 148, 160 (1987).   In Cole, the California Supreme court found that alleged harassment in the form of improper disciplinary hearings, false accusations of dishonesty, and a demotion did not place the employee's intentional infliction of emotional distress claim outside the normal risks of employment. Cole, 43 Cal.3d at 160.  In Shoemaker v. Meyers, 52 Cal, 3d 1 (1990), the California Supreme Court found allegations of disciplinary action and termination motivated by intent to harass fell within the workers' compensation scheme. See Shoemaker, 52 Cal.3d at 25.   However, the exclusivity rule of California's workers' compensation law does not bar a suit for emotional distress damages resulting from misconduct that exceeds the normal risks of the employment relationship or where the employer stepped out of its proper role. Cole, 43 Cal.3d at 160; Livitsanos v. Sup.Ct., 2 Cal.4th 744, 756 (1992).

The complaint is unclear as to the basis of Plaintiffs' request for emotional distress damages.   Based on Cole and related cases, Plaintiffs cannot receive emotional distress damages for a tort that alleges misconduct falling within the normal risk of the employment relationship. Plaintiffs can obtain emotional distress damages for torts alleging conduct occurring outside the normal risk of employment.  Plaintiffs can also obtain emotional distress damages for claims

14

1 brought under 42 U.S.C. § 1983.

## CONCLUSION AND ORDER

For the reasons discussed above, the complaint must be dismissed. When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted). The court cannot find that the complaint could not possibly be cured by amendment. However, Plaintiffs are advised that any amended complaint must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support their causes of action. Plaintiffs should demonstrate how Defendants' conduct resulted in a deprivation of Plaintiffs' federal constitutional rights and/or state law. Plaintiffs should allege in specific terms how each named defendant is involved. In addition, Plaintiffs are informed that the court cannot refer to a prior pleading in order to make Plaintiffs' amended complaint complete. See Local Rule 15-220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). When filing any amended complaint, Plaintiffs should caption it "Amended Complaint," referencing the case number of this action.

Accordingly, the court orders that:

1. Defendant City of Fresno's motion to dismiss is GRANTED;
2. The complaint is DISMISSED with leave to amend;
3. Plaintiffs may file any amended complaint within thirty days of this order's date of service; and
4. Plaintiffs are advised that failure to file an amended complaint may result in this action's dismissal.

IT IS SO ORDERED.

**Dated:   May 12, 2006**            /s/ Anthony W. Ishii
9h0d30                                          UNITED STATES DISTRICT JUDGE