# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA MORALEZ, surviving spouse and legal representative of the Estate of JOSE L. MORALEZ, and legal representative of her minor children, KAELYN MORALEZ, and DUSTIN MORALEZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | CV F 06-0224 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS AND DISMISSING ACTION<br><br>(Documents #14, #15, & #16) |

Plaintiffs Yolanda Moralez, Kaelyn Moralez, and Dustin Moralez ("Plaintiffs") filed a lawsuit pursuant to 42 U.S.C. § 1983 and state law.  The court has federal question jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.  Pending before the court is Defendant City of Fresno's  motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On February 27, 2006, Plaintiffs filed a complaint alleging constitutional violations and state law violations stemming from the death of Jose L. Moralez.  On March 24, 2006, Defendant City of Fresno ("Defendant")[1] filed a motion to dismiss the complaint, a motion for a more

---

[1] No other Defendant has made an appearance in this action.

definite statement, and a motion to strike portions of the complaint.   Plaintiffs did not respond to Defendant's motion or otherwise contact the court.

On May 13, 2006, the court granted Defendant's motion and dismissed the complaint with leave to amend.   The court found that Yolanda Moralez could not bring an action in pro se on behalf of her minor children, Kaelyn Moralez and Dustin Moralez, because minors must be represented by an attorney.   The court found Yolanda Moralez could not bring an action in pro se on behalf of the estate without further allegations.   The court found that the complaint failed to allege a due process violation because the complaint neither alleged how Defendants were deliberately indifferent nor alleged that the unconstitutional actions were the result of an official policy or custom of Defendant.   The court dismissed Plaintiffs' request for a declaratory relief because it was duplicative of Plaintiffs' civil rights claim.   The court dismissed Plaintiffs' allegations pursuant to California Civil Code § 52.1 that were premised on Jose L. Moralez's death because Section 52.1 cannot serve as a wrongful death statute.   The court dismissed the punitive damage request against Defendant because punitive damages are not available against a municipality.   Finally, the court dismissed the emotional distress claim because the basis of Plaintiffs' request was unclear.   The court then dismissed the entire complaint with leave to amend and directed Plaintiffs to file any amended complaint within thirty days.   The court warned Plaintiffs that failure to file an amended complaint may result in this action's dismissal.

Other thirty days have passed, and Plaintiffs have not filed an amended complaint or otherwise contacted the court.

On June 16, 2006, Defendant filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.   Defendant contends that it is entitled to entry of judgment because Plaintiffs did not comply with the court's order to file an amended complaint.

Plaintiffs did not file an opposition to Defendant's motion.

On July 12, 2006, Defendant filed a reply brief.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.Pro. 41(b). Dismissal under Rule 41(b) is a sanction that the district court should impose only in extreme circumstances. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004); Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).

When a plaintiff, who has been given the opportunity to amend the complaint or have his or her action dismissed, *does nothing* a Rule 41(b) dismissal is the appropriate sanction. Edwards, 356 F.3d at 1065. If a plaintiff refuses to take advantage of the court's opportunity to fix his or her complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action. Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

**DISCUSSION**

The court dismissed the complaint, with leave to amend, for Plaintiffs' failure to state a claim. The court warned Plaintiffs that failure to timely file an amended complaint would result in this action's dismissal. Over sixty days have passed since the court dismissed the complaint with leave to amend and Plaintiffs have not filed an amended complaint or otherwise contacted the court.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

1  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
2  availability of less drastic alternatives.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik,
3  963 F.2d at 1260-61.
4         At this time, the court has no choice but to dismiss this action.  No complaint is currently
5  on file, and this case cannot proceed without a complaint on file.  Further, the original complaint
6  was properly dismissed for failure to state a claim.  Cf. Lopez v. Smith, 203 F.3d 1122 (9th Cir.
7  2000) (if court determines that complaint fails to state claim, leave to amend may be granted to
8  extent that complaint's deficiencies can be cured).  The court cannot manage its docket if it
9  maintains cases in which plaintiffs fail to keep an operative complaint on file by filing an
10 amended complaint.  The public's interest in the expeditious resolution of litigation weighs
11 heavily in favor of dismissal of such cases so that the court's limited resources may be spent on
12 cases in which the litigant is actually proceeding.  Public policy favoring disposition of cases on
13 their merits also has little or no weight in actions where plaintiffs lack enough of an interest to
14 file an amended complaint.  The public and the court have no interest in determining the truth or
15 falsity of the allegations that Plaintiffs might raise in an amended complaint if Plaintiffs never
16 file an amended complaint.  The availability of less drastic sanctions has been considered, but
17 given that no complaint is on file, the court has no effective sanction but to close the case.  The
18 court expressly warned Plaintiffs that their failure to file an amended complaint would result in
19 this action's dismissal.  Plaintiffs did not file an amended complaint or contact the court.
20 Plaintiffs did nothing in response to the court's order.  The risk of prejudice to Defendants also
21 weighs in favor of dismissal because a presumption of injury arises from the occurrence of
22 unreasonable delay in prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th
23 Cir. 1976).  In addition, Defendant has asked that this action be dismissed.  Thus, dismissal
24 pursuant to Rule 41(b) is warranted.
25 //
26 //
27
28                                                    4

**ORDER**

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. Defendant's motion to dismiss the complaint and for entry of judgment is GRANTED;

2. This action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and

3. The Clerk of the Court is directed to enter judgment for Defendants.

IT IS SO ORDERED.

**Dated:   July 25, 2006**                              /s/ Anthony W. Ishii
9h0d30                                                  UNITED STATES DISTRICT JUDGE